**Electronically Filed
Intermediate Court of Appeals
30373
24-MAY-2012
08:15 AM**

NO. 30373


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JIMI MCKENNEY, Plaintiff-Appellant, v. STATE OF HAWAI'I,
DEPARTMENT OF PUBLIC SAFETY, Defendant-Appellee, and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS and OTHER
ENTITIES 1-10, Defendants.

STATE OF HAWAI'I, Third-Party Plaintiff/Appellee v.
PAUL FRENCH, Third-Party Defendant/Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 05-1-2304)


ORDER DISMISSING APPEAL
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we do not
have jurisdiction over this appeal that Plaintiff-Appellant Jimi
McKenney (McKenney) has asserted from the Honorable Gary W.B.
Chang's February 4, 2010 "Order Denying Plaintiff Jimi McKenney's
Motion to Set Aside Order of Dismissal Filed September 18, 2009"
(the February 4, 2010 order) because the February 4, 2010 order
is not an appealable final order pursuant to Hawaii Revised
Statutes (HRS) § 641-1(a) (1993 & Supp. 2009).

HRS § 641-1(a) authorizes appeals to the intermediate
court of appeals from "<u>final</u> judgments, orders, or decrees[.]"
(Emphasis added.) Appeals under HRS § 641-1 "shall be taken in
the manner . . . provided by the rules of the court." HRS § 641-
1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP)

requires that "[e]very judgment shall be set forth on a separate document." (Emphasis added.) Based on this requirement, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). A judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City & County of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (emphasis added). For example, the Supreme Court of Hawai'i has held that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphasis added).

In contrast, "the separate judgment requirement articulated in Jenkins is inapposite in the post-judgment context." Ditto v. McCurdy, 103 Hawai'i 153, 158, 80 P.3d 974, 979 (2003). Thus, "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." Id. at 160, 80 P.3d at 981 (citation omitted).

Although the circuit court entered a entered a September 18, 2009 order dismissing this case for lack of prosecution, the circuit court has not yet reduced the September 18, 2009 dismissal order to a separate judgment. While

2

McKenney moved the circuit court to set aside the September 18, 2009 dismissal order, "a motion for reconsideration, pursuant to HRCP Rule 60(b), is authorized only in situations involving final judgments." Cho v. State, 115 Hawaiʻi 373, 382, 168 P.3d 17, 26 (2007) (citations and internal quotation marks omitted); Crown Props., Inc. v. Fin. Sec. Life Ins. Co., Ltd., 6 Haw. App. 105, 112, 712 P.2d 504, 509 (1985) ("A Rule 60(b), HRCP, motion is authorized only in situations involving final judgments."); Tradewinds Hotel, Inc. v. Cochran, 8 Haw. App. 256, 262, 799 P.2d 60, 65 (1990) ("Rule 60(b) applies to motions seeking to amend final orders in the nature of judgments."). Without a judgment in the instant case, "relief pursuant to HRCP Rule 60(b) was not available[.]" Cho v. State, 115 Hawaiʻi at 383, 382, 168 P.3d at 27.

Although the February 4, 2010 order ended the proceedings for McKenney's motion to set aside the September 18, 2009 dismissal order, "an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Cho v. State, 115 Hawaiʻi at 383, 382, 168 P.3d at 27 (citation and internal quotation marks omitted). Absent a final judgment, the February 4, 2010 order is not an order that the circuit court entered pursuant to HRCP Rule 60(b), but, instead, the circuit court entered the February 4, 2010 interlocutory order pursuant to the circuit court's inherent authority to revise "any . . . order or other form of decision . . . at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." HRCP Rule 54(b). The February 4, 2010 order will not be eligible for appellate review until a party appeals from an appealable final judgment or order. Cf. Ueoka v Szymanski, 107 Hawaiʻi 386, 396, 114 P.3d 892, 902 (2005) ("An appeal from a final judgment brings up for review all interlocutory orders not

3

appealable directly as of right which deal with issues in the case." (Citation and internal quotation marks omitted)).

Absent an appealable final judgment or order, we lack jurisdiction over appellate court case number 30373. Accordingly,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 24, 2012.

On the briefs:

Wayne M. Sakai,
Michiro Iwanaga, and
Daniel M. Chen,
(Sakai Iwanaga Sutton),
for Plaintiff-Appellant.

Caron M. Inagaki and
Miriam P. Loui
Deputy Attorneys General,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge